UNITED STATES OF AMERICA
FOR THE DISTRICT OF MASSACHUSETTS

_____

UNITED STATES OF AMERICA )
                         )    CRIMINAL NO. 04-CR-10305-WGY
v.                       )
                         )
KEVIN APONTE             )
                         )

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO SUPPRESS

The defendant, Kevin Aponte, submits this memorandum of law in support of his Motion to Suppress.

I.  ISSUE PRESENTED

Whether the Brockton Police exceeded the scope of the search warrant for Mr. Aponte's apartment, which authorized a search for crack cocaine, money, identifications or paraphernalia, when they searched inside the pocket of a men's sweatshirt in a hall closet outside the bedroom.

II. STATEMENT OF FACTS

On April 8, 2004, a clerk magistrate of the Brockton District Court issued a search warrant that authorized a search of Mr. Aponte's Brockton apartment on the second floor of 580 Ash Street. The authorized objects of the search were:

Crack cocaine, a controlled substance defined in Mass General Laws Chapter 94c Section 1, and any monies, identifications or paraphernalia used in or derived from the sale of said cocaine.

The warrant was executed at 6:30 p.m. that day, and it yielded the following items: .3 grams of an off white hard rock like substance, paperwork, a digital scale, sandwich bags, and a Glock semi auto model 19 (9mm) gun with one magazine and fifteen rounds

of 9mm ammunition.  <u>Search Warrant Return</u>.

The return indicates that all of the items for which the warrant granted the Brockton police authority to search was found in the bedroom of the apartment.  The cocaine and paraphernalia were found there.  <u>Grand Jury</u>, 17:6-10.  A rite weight scale and used sandwich bags were found there, in the bureau.  Several off-white hard rock substances were found there, under the bureau drawer, and a Diliddo-Tanita digital scale was found there in a Sentry safe, the keys to which were on a keyring taken from Mr. Aponte.  <u>Brockton Police Department Arrest Report</u>.

In contrast, the Glock was found inside the pocket of a sweatshirt that was hanging inside a hallway closet.

III. <u>ARGUMENT</u>

>THE SEARCH INSIDE THE POCKET OF A SWEATSHIRT IN THE HALLWAY CLOSET OUTSIDE THE BEDROOM EXCEEDED THE SCOPE OF THE SEARCH AUTHORIZED BY THE WARRANT WHERE THERE WAS NO REASONABLE LIKELIHOOD THAT A SEARCH OF THE CLOSET AND THE SWEATSHIRT HANGING THEREIN WOULD YIELD ANY OF THE ITEMS NAMED IN THE WARRANT AND THE GUN WAS NOT IN PLAIN VIEW.

Where a warrant authorizes a search inside a person's home, the officers executing the warrant may look only for those items specified in the warrant.  If the search exceeds the terms of the a valid warrant supported by probable cause, the seizure of items found is unconstitutional.  <u>Coolidge v. New Hampshire</u>, 403 U.S. 443 (1971); <u>Horton v. California</u>, 496 U.S. 128 (1990).

In limited circumstances, law enforcement officials may seize items not specified in the warrant if they are "in plain view" during the warranted search.  <u>United States v. Hamie</u>, 165

F.3d 80 (1st Cir. 1999), citing, United States v. Caggiano, 899 F.2d 99, 103 (1st Cir. 1990).  The plain view exception applies only where two requirements are met: (1) the officer executing the warrant must not have violated the Fourth Amendment in arriving at the place from where the evidence could plainly be seen, Horton, supra 496 U.S. at 136; and (2) the incriminating character of the evidence must be "immediately apparent" to the officer.  Hamie, supra.

In Hamie, the warrant authorized a search of an apartment for certain papers belonging to one roommate.  In the course of searching for those papers, the executing officers also found papers belonging to the other roommate.  While those papers were not specified in the warrant, they could be lawfully seized because they were found in the course of a lawful search that was reasonably calculated to yield the specified items in the warrant, and they clearly incriminate another person in the offense.

In contrast, the warrant in this case authorized a search for a particular types of items, and a completely different type of item was also seized from a different location within the apartment than the area where the target items were found.  It was not reasonably likely that any of the items named in the warrant would be found in the pocket of a sweatshirt hanging in the hallway closet.  Therefore, the search of that sweatshirt pocket in that closet was unconstitutional and the fruits of the

search must be suppressed.

This case is also distinguishable from <u>United States v. Ribiero</u>, 397 F.3d 43 (1ˢᵗ Cir. 2005), where the First Circuit Court of Appeals upheld the seizure of drugs during the execution of a documentary search warrant that did not authorize a search for drugs. The drugs were in a stereo speaker cabinet, where the speaker should have been. There was conflicting testimony as to whether the door to the speaker cabinet was open or closed, and the trial court credited the detective's testimony that it was open. However, the trial court also opined that even if the door were closed, the detectives had the right to search the cabinet based upon testimony that the cabinets "stood out like sore thumbs in the room" and that speaker cabinets had been used as "hides" for contraband, cash, and drug-related records. <u>Ribiero</u>, <u>supra</u>, esp. at n.3. Without specifying either of these grounds as the basis for its decision, the First Circuit upheld the seizure of the drugs, quoting language the following language from <u>Horton</u>:

> The fact that an officer is interested in an item of evidence and fully expects to find it in the course of a search should not invalidate its seizure if the search is confined in area and duration by the terms of a warrant or a valid exception to the warrant requirement.

Here, the search was not so confined. Absent a nexus between the clothing in a hallway closet and the items named in the warrant, the Brockton police had no authority to rummage through the closet in search of other evidence, potentially of other crimes.

WHEREFORE, the defendant, Kevin Aponte, respectfully requests this Honorable Court to suppress the gun found in the closet of his apartment.

>Respectfully submitted,
>
>KEVIN APONTE
>By his Attorney,
>
>/Leslie Feldman-Rumpler/
>Leslie Feldman-Rumpler, Esq.
>BBO #555792
>101 Tremont Street, Ste. 708
>Boston, MA 02108

## CERTIFICATE OF SERVICE

I, Leslie Feldman-Rumpler, hereby certify that I have caused a copy of the within document to be transmitted electronically to AUSA William Connolly this day.

| 5/16/2005 | Leslie Feldman-Rumpler |
|---|---|
| Date | Leslie Feldman-Rumpler, Esq. |