UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v.            ) | CRIMINAL NO. 04-10305-WGY |
| ) | |
| **KEVIN APONTE**         ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**TO SUPPRESS**

The United States, by and through United States Attorney Michael J. Sullivan and Assistant United States Attorney William H. Connolly, hereby submits this memorandum in opposition to Defendant Kevin Aponte's Motion To Suppress.

**FACTS**[1]

On April 8, 2004, Brockton Police detectives executed a state-issued search warrant at Kevin Aponte's apartment at 580 Ash Street, Second Floor Apartment, Brockton, Massachusetts. On three occasions prior to the execution of the warrant - April 2, April 3, and April 7, 2004 - a confidential informant purchased crack cocaine from Kevin Aponte under the supervision of Brockton Police detectives. Immediately prior to the execution of the warrant, Aponte was arrested and found to be in possession of three small bags of crack cocaine. The search warrant for the apartment authorized a search for "crack cocaine, . . . , and any

---

[1] The facts were gleaned from a relevant Brockton Police report, grand jury testimony, and a state-issued search warrant.

1

monies, identifications or paraphernalia used in or derived from the sale of said cocaine."

During the search of the apartment, detectives found, among other things: Glad sandwich bags, used sandwich bags, and a scale in a bureau in the bedroom; small pieces of crack cocaine under a drawer in the bureau; a digital scale in a safe in the living room; and, a Glock, semi-automatic pistol, loaded with fifteen rounds of ammunition in a sweatshirt in a closet.

## ARGUMENT

The defendant seeks to suppress from use in evidence the firearm found in the sweatshirt in the closet. (Defendant's Motion to Suppress). The defendant contends that the search of the closet exceeded the permissible scope of the search authorized by the warrant. (Defendant's Motion to Suppress). This argument fails because the closet, and the sweatshirt contained therein, were places where cocaine, money, and identifications might be found, and the seizure of the firearm was a lawful plain view seizure.

   1.   **Scope of Warrant**

"A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search. Thus, a warrant that authorizes an officer to search a home for illegal weapons

also provides authority to open closets, chests, drawers, and containers in which the weapon might be found. <u>United States v. Ross</u>, 456 U.S. 798, 820-21 (1982). Likewise, a warrant that authorizes an officer to search a home for cocaine provides authority to search closets and containers in which the cocaine might be found. <u>See</u> <u>United States v. Gray</u>, 814 F.2d 49, 50- 51 (1st Cir. 1987)(police did not exceed scope of search warrant when they searched a windbreaker not specified in the warrant, and of unknown ownership, because it was reasonable for officers to believe the windbreaker might contain items relating to drug trafficking evidence authorized to be seized). Accordingly, the detectives' search of both the closet and the sweatshirt were lawful.

**2.   Plain View**

It is well settled that "[t]he seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity." <u>Payton v. New York</u>, 445 U.S. 573, 587 (1980). The First Circuit Court of Appeals has applied the "plain view doctrine" to permit the warrantless seizure of an object if "'(1) the seizing officer has a prior justification for being in a position to see the item in plain view and (2) the evidentiary value of the item is immediately apparent,'" <u>United States v. Perrotta</u>, 289 F.3d 155, 167 (1st Cir. 2002), quoting

from United States v. Owens, 167 F.3d 739, 746 (1st Cir. 1999).

The seizure of the firearm in this case meets these criteria. The detectives had prior justification for being on the premises pursuant to a lawfully issued search warrant. See Coolidge v. New Hampshire, 403 U.S. 443, 465 (1971) (officer's presence for plain view seizure purposes justified by search warrant); United States v. Robles, 45 F.3d 1, 6 (1st Cir. 1995) (same). Once there, the detectives were authorized, pursuant to the warrant, to search both the closet and the sweatshirt. Upon discovering the firearm, the detectives were permitted to seize it because its evidentiary significance as a tool of the drug trade was immediately apparent. See United States v. Hinds, 856 F.2d 438, 443 (1st Cir. 1988) ("We have only to read the daily newspapers or watch the news on television to recognize that narcotic dealing and guns go hand in hand.")

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Suppress must be denied.

Respectfully submitted,

/s/ William H. Connolly
Assistant U.S. Attorney

Date:    May 31, 2005