UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 04-10305-WGY

)
UNITED STATES OF AMERICA )
)
v. )
)
KEVIN APONTE )
_____)

DEFENDANT'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE

I.   INTRODUCTION

The Defendant, Kevin Aponte, respectfully submits this memorandum for the Court's consideration, and to request the Court to impose a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. §3553(a) in light of United States v. Booker, 125 S.Ct. 738 (2005).

Booker restored the power of the district courts to fashion a sentence tailored to the individual circumstances of the case and the defendant.  It requires courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines, including: (a) "the nature and seriousness of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1); (b) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," 18 U.S.C. §3553(a)(2)(A); (c) to protect the public from further crimes of the defendant, 18 U.S.C. §3553(a)(2)(C); and (d) "to provide the

defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(d). Indeed, the statute requires to impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. 18 U.S.C. §3553(a).

II. BACKGROUND

    A. HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Before the Court for sentencing is Kevin Aponte, a twenty-seven year old man with a three year old daughter whose mother, Cory Cordaro, remains committed to maintaining their family relationship throughout the period of Mr. Aponte's incarceration. Ms. Cordaro and their daughter have visited Mr. Aponte while he has been in custody on a regular basis, and his absence has been, and will continue to be, a great loss for them. Ms. Cordaro works in Weymouth at a dermatologist's office, and is studying to become a nurse.[1]

Mr. Aponte grew up in Brockton a large family with eight siblings and a father who was mainly absent from the household. Kevin and his brothers and sisters lived in a small, crowded apartment, where money, food, and their mother's attention were scarce. At age twelve, Kevin Aponte met Cory Cordaro, the mother of his daughter. Ms. Cordaro also grew up in a large single-parent family, and she became close not only with Mr. Aponte, but

---

[1] She has written a letter for the Court's consideration, which will be submitted as soon as it can be transmitted to counsel.

2

with his entire family. Mr. Aponte's high school education was ended early because of his drug use and arrests.

During the time Mr. Aponte has been in custody in this matter, his romantic relationship with Ms. Cordaro has ended. He has begun to understand very concretely how the way he has been living his life has damaged his closest relationships and is threatening his ability to ever participate meaningfully and positively in his young daughter's life. Ms. Cordaro's continued support, patience, and commitment to him, and the ongoing contact with their daughter, are a motivation for change that Mr. Aponte never had before in his life. He is committed to making a tremendous behavioral change so that this case will be his last encounter with the court system, and he will be able to reunite with his family and live a productive life.

He is interested in participating in the 500 hour drug treatment program through the Bureau of Prisons.

B.   NATURE AND CIRCUMSTANCES OF THE OFFENSE

Two offenses are involved in this case, both of which are serious: possession with intent to distribute cocaine, and felon in possession of a firearm. In April, 2004, Brockton police obtained a search warrant for Mr. Aponte's car and his apartment, after they conducted three controlled purchases of cocaine from him. They arrested him on April 8, 2004 near a Burger King, after observing him pull up alongside a nearby vehicle and make an exchange with a person or persons in that vehicle. The firearm that forms the basis of the other offense was found in a

hallway closet at his apartment after his arrest.

Mr. Aponte was originally charged in Brockton District Court with possession with intent to distribute a Class B Substance in a School Zone, which carries a mandatory minimum two-year sentence, and with Carrying a Firearm without a License. He was later indicted in Plymouth Superior Court, and the charges were dismissed in Brockton District Court.

In July, 2004, a sealed criminal complaint was filed in this Court, charging Mr. Aponte as a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), PSR ¶2, and a grand jury indicted him in September, 2004. PSR ¶5. The cocaine charges were added in September, 2004, when a grand jury returned a two-count Superseding Indictment. PSR ¶6.

III. <u>SENTENCING GUIDELINES AND REQUEST FOR DOWNWARD DEPARTURE</u>

The PSR assigns Mr. Aponte a Total Offense Level of 29, and places him in Criminal History Category VI. As reflected in the PSR, this level is six levels above what it otherwise would be (Level 23), due to the classification of Mr. Aponte as a career offender pursuant to §4B1.1. Mr. Aponte's criminal history category, based upon the points assigned in the PSR based on his prior record is Category VI, consistent with the category prescribed in §4B1.1(b). Based upon these numbers, the guidelines range set forth in the PSR is 151-188 months.

Pursuant to 18 U.S.C. §3553(b)(1) and pursuant to the Federal Sentencing Guidelines §4A1.3(b), a downward departure to Criminal History Category V is warranted here, as the points

4

assigned based on Mr. Aponte's prior record substantially overrepresents the seriousness of his criminal history.

Of the thirteen points assigned, six points are based upon two very similar offenses that occurred within six days of each other, eight years prior to the instant offense, when Mr. Aponte was seventeen years old.  These offenses are Brockton District Court Docket Nos. 9615CR8363 and 9615CR8466, described in ¶¶54 and 55 of the PSR, pp. 11-12.  In both matters, Mr. Aponte was charged with possession of class D with intent to distribute, and failure to stop/yield.  The matters were disposed of together, with identical sentences, running concurrently.

Presumably because the defendant was arrested for the first of these cases before committing the second offense, the two have not been considered "related cases." in the PSR.  §4A1.2, Application Note 3: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest. (i.e., the defendant is arrested for the first offense prior to committing the second offense.)"  But for the arrest, however, the cases would likely have been treated as related. §4A1.2, Application Note 3: "Otherwise, prior sentences are considered related if they resulted from offenses that . . . were consolidated for trial or sentencing."  If these two cases were considered to be "related," it would reduce the total of six criminal history points between the two cases to a total of three criminal history points, pursuant to §4A1.2(a)(2): "[p]rior sentences imposed in related cases are to be treated as one

sentence for purposes of §4A1.1(a), (b), and (c)."  This reduction would bring Mr. Aponte's criminal history point total to ten, rather than thirteen, and would place him in Category V, rather than Category VI.

The Guidelines allow for a downward departure in these circumstances, even though Mr. Aponte is categorized as a career offender.  §4A1.3(b)(3) limits such a departure insofar as it "may not exceed one criminal history category."  The defendant is asking the Court to depart downward by one criminal history category, to more accurately and fairly reflect Mr. Aponte's criminal history.

If this departure is granted, the guidelines range for Mr. Aponte would be 140-175 months.

IV.    POST-BOOKER SENTENCING CONSIDERATIONS

After Booker, the Guidelines are not the sole basis on which sentences should be imposed, nor are they mandatory.  Rather, they are advisory, and they must be considered together with the other factors set forth in the sentencing statute.  If a sentence within the range prescribed by the guidelines is higher than necessary to accomplish the goals enumerated in 18 U.S.C. §3553(a)(2), then a sentence below the guidelines range should be imposed. 18 U.S.C. §3553(a).

In this case, the defendant is a twenty-seven year old man who has pled guilty to being a felon in possession of a firearm and to possessing a relatively small quantity of cocaine with intent to distribute it.  This man has a very supportive family

who continue to stand by him through all his difficulties, and a woman who still wants him to return to her and be part of the family they have begun to create.  In sum, his future is far from hopeless, and he has the motivation to make a substantial change.

Without the career offender enhancement, his total offense level in this case would be 23, and his criminal history category would be VI without a departure, or V with a departure that is provided for within the guidelines at §4A1.3(b).  The guidelines range without the career offender enhancement would be 92-115 months without the departure, or 84-105 months with it.
 A sentence of 84 months, or seven years, would accomplish the goals of 18 U.S.C. §3553(a)(2), and it would be a fair sentence for the offenses to which Mr. Aponte has pled, and taking his history and characteristics into account.

The Defendant respectfully asks this Court to impose an 84-month sentence, and to recommend that he attend the 500 hour drug treatment program through the Bureau of Prisons.

Respectfully submitted,

KEVIN APONTE
By his Attorney,

 /s/Leslie Feldman-Rumpler
Leslie Feldman-Rumpler, Esq.
BBO # 555792
101 Tremont Street, Suite 708
Boston, MA  02108
(617) 728-9944

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the within document was served electronically upon: AUSA James Lang, Office of the United States Attorney, One Courthouse Way, 9th Floor, Boston, MA 02210.

 3/9/06                                      /s/Leslie Feldman-Rumpler
Date                                         Leslie Feldman-Rumpler, Esq.